PHILIP GROSSMAN, by Next Friend, ROSA GROSSMAN, Appellant, v. UNITED RAILWAYS COMPANY.

**Division One, February 28, 1913.**

**APPEAL: Motion for New Trial: Not in Bill of Exceptions.** Where the bill of exceptions, as set out in the abstract, does not contain the motion for a new trial or any ruling thereon or any exception relating thereto, the Supreme Court will review only the record proper, although that part of the abstract relating to the record proper and distinguishing it from the bill of exceptions, sets out the motion and recites that it was overruled and that an exception was saved.

Appeal from St. Louis City Circuit Court.—*Hon. Matt G. Reynolds*, Judge.

AFFIRMED.

*John H. Boogher* and *Eustace C. Wheeler* for appellant.

*Boyle & Priest, Morton Jourdan* and *T. E. Francis* for respondent.

STATEMENT BY THE COURT.

Plaintiff by his mother, his next friend, sued the defendant for personal injuries alleged to have been sustained while he was a passenger on one of its street cars. The answer set up that plaintiff was a trespasser, and without the knowledge or consent of the defendant or its representatives placed himself in a position of peril and received the alleged injuries while attempting to ride, without paying, on one of defendant's cars; and that the injuries

sustained by him were also caused by his negligence in placing himself on the outside of the car and projecting his body so as to cause it to come in contact with another car moving in an opposite direction. The reply took issue.

Plaintiff adduced testimony tending to prove that he boarded the car and gave up his seat to a lady and went out on the platform, where he was seen by another passenger, and was not holding to the side of the car. Plaintiff offered in evidence a statement signed by Mabel Cody to the effect that she had seen the accident, and that the boy was not hanging on the outside of the car, but the accident took place about 7:30 o'clock at night of the Veiled Prophet's parade in St. Louis. This paper was offered in rebuttal and excluded. Defendant introduced the deposition of this witness, who stated, in substance, she was an actress; that two men came to see her; that she signed some paper. She further stated in her deposition that she was a passenger on the car on the night in question for the purpose of witnessing the display; that she did see the boy on the side of the car; that he was hanging to the outside, holding to the bars across the window and had his feet "on this wide piece on the bottom;" that an eastbound car passed, when he was hurt by being mashed between the cars. Defendant introduced a number of other witnesses who testified that the accident was occasioned by the position of the boy hanging on a car going east and being struck by a car coming west. The injuries alleged in the petition, which the evidence tended to show, were that his foot was so injured that he has lost the use of his toes, and one of his fingers of his left hand and the use of the others is permanently impaired. The jury rendered a verdict for the defendant. Plaintiff duly appealed to this court. Plaintiff assigns no error except the refusal of the court to admit in rebuttal the statement signed by Mabel Cody.

## OPINION.

BOND, J. (After stating the facts as above).—It is insisted by respondent that the abstract in this case presents nothing to review except the record proper. An examination of the abstract filed shows that it contains recitals belonging to the record proper, and others relating to the bill of exceptions under that title; that in the first portion it sets out the filing of a motion for a new trial, and that it was overruled and due exception taken by appellant. But under the head of Bill of Exceptions the abstract does not set out the motion for new trial nor that it was overruled, nor that any exception was taken to such order—in fact, makes no allusion whatever to a motion for a new trial  This condition of the record necessarily restricts our review to the record proper.

It has been often decided by this court that abstracts should distinguish between parts which relate to the record proper and the bill of exceptions. [Gilchrist v. Bryant, 213 Mo. l. c. 431.] This was properly done in the present case. But the bill of exceptions is the proper repository of the motion for new trial, and is the place where an exception to the ruling of the court on that motion must be preserved. The bill of exceptions in this case wholly fails to contain the motion for new trial or any ruling thereon or any exception relating thereto by appellant. Under the repeated decisions of this court, this excludes from the view of the appellate court anything but the record proper. [Kolokas v. Railroad, 223 Mo. l. c. 462; Harding v. Bedoll, 202 Mo. l. c. 629.] The record proper in this case shows a joinder of issues which would sustain a verdict for the defendant. Having no power to look to any other matter, we must conclude that the verdict was correctly rendered. It is therefore affirmed.

*Woodson, P. J.,* and *Lamm* and *Graves, JJ.,* concur.